

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

**WILLIAM J. MARTINI**
    **JUDGE**

# LETTER OPINION

November 14, 2016

Jerry Capeci
P.O. Box 863
Long Beach, NY 11561    (*Movant*)

Francisco J. Navarro
Assistant United States Attorney
970 Broad Street, 7th Floor
Newark, NJ 07102    (*Attorney for Government*)

Stacy Ann Biancamano
560 Main Street
Chatham, NJ 07928    (*Attorney for Defendant*)

    RE:    *United States v. Mancuso*
                 Criminal Action No. 14-0484 (WJM)

Dear Counsel:

Third party Jerry Capeci, a journalist who writes about organized crime, moved the Court on October 20, 2016 for access to sentencing memoranda previously submitted by the parties in paper form. ECF No. 161.[1] Mr. Capeci specifically requests access to the Government's April 27, 2016 sentencing memorandum and Mr. Mancuso's April 29, 2016 and September 19, 2016 sentencing memoranda.[2] ECF No. 162 at *3-4. The Court now **GRANTS** Mr. Capeci's motion and will permit access after *in camera* review of redactions jointly proposed by the

---

[1] On September 21, 2016, the Court sentenced Paul Mancuso to fifty-one months imprisonment for conspiring to commit wire fraud. ECF No. 147. The parties' plea agreement stipulated to an offense level of 22. ECF No. 90. Mr. Mancuso's sentence of 51 months is the maximum advisable under the Sentencing Guidelines for that offense level.

[2] The parties were provided copies of each other's sentencing memoranda.

Government and Mr. Mancuso.

## I. Background

Pursuant to the Electronic Case Filing Policies and Procedures, the Government and defense submitted their sentencing memoranda directly to the Court in paper form, rather than to the Federal Judiciary's Electronic Case Files system ("ECF"). Local Civ. R. 5.2, 11(b)(4). The Rules do not explicitly state that sentencing memoranda should be filed under seal or otherwise remain confidential—only that they be filed directly to chambers in paper form.

Mr. Capeci argues that the First Amendment and common law protect the public's right of access to judicial documents absent unusual circumstances. ECF Nos. 161, 164. The Government does not oppose the motion, but requests an opportunity to propose redactions should the motion be granted. ECF No. 163. Defense counsel opposes the motion and argues that public access to the memoranda, which contain information about Mr. Mancuso's cooperation with law enforcement investigations, will jeopardize Mr. Mancuso's safety.[3] Counsel also insists that public access is unnecessary because the sentencing transcript is already electronically available and because "the Court does not *rely* on sentencing memoranda at all, but simply takes such submissions into consideration in fashioning an appropriate sentence." ECF No. 164 at 2.

## II. Discussion

### A. Law Governing Public Access to Sentencing Memoranda

Although the Local Rules direct parties not to file sentencing memoranda on the Court's electronic docket, "it is settled that a strong presumption of access attaches to sentencing memoranda." *United States v. Kushner*, 349 F.Supp.2d 892, 905 (D.N.J. 2005). *See United States v. Chang*, 47 Fed. Appx. 119, 122 (3d Cir. 2002) (non-precedential) (holding that the Third Circuit "recognize[s] a longstanding and strong presumption of the right to inspect and copy judicial records," including sentencing memoranda). *See also United States v. Harris*, No. CR 12-156 (CKK), 2016 WL 4543983, at *2 (D.D.C. Aug. 31, 2016) ("[S]entencing memoranda historically have been open to the press and general public."); *United States v. Dare*, 568 F.Supp.2d 242, 244 (N.D.N.Y. 2008) ("It is well-recognized that the public has a strong right to sentencing memoranda under the First Amendment and the common law right to judicial records.").

---

[3] After being remanded in custody, Mr. Mancuso was designated to MDC Brooklyn. ECF No. 164 at 2.

The public's qualified right of access to sentencing memoranda and judicial documents in general has both common law and constitutional roots. *United States v. Smith*, 123 F.3d 140, 146 (3d Cir. 1997). The presumption applies even to sentencing memoranda submitted directly to chambers and not filed with the clerk. *See Kushner*, 349 F.Supp.2d at 895, n. 1. It further extends to "any letters excerpted or explicitly referenced in defendant's memorandum . . . [which] have been, by defendant's choice, thrust into the public domain by virtue of their inclusion in a public document that counsel will be called upon to defend in public." *Kushner*, 349 F.Supp.2d at 905-06.

District courts have discretion to restrict access to sentencing memoranda when "justified by an overriding interest articulated in findings." *Smith*, 123 F.3d at 146; *Kushner*, 349 F.Supp.2d at 892 (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 603 (1978)). For example, courts may limit access to memoranda to protect secret grand jury information, *Smith,* 123 F.3d at 147-48; avoid compromising ongoing or future criminal investigations, *Hirsh*, 2007 WL 181703 at *3; protect a defendant's safety, *Hirsh*, 2007 WL 181703 at *3; or prevent serious damage to compelling privacy interests. *Kushner*, 349 F.Supp.2d at 899 (citing *United States v. Criden*, 681 F.2d 919, 921 (3d Cir. 1982)) (holding that courts may restrict access to information that is "impermissibly injurious" and that may cause "intensified pain" as opposed to "mere embarrassment"). *See also Dare*, 568 F.Supp.2d at 244 (ordering redaction of references to a defendant's medical condition and medical records).

### B. Mr. Capeci's Request to Access the Parties' Sentencing Memoranda

Mr. Mancuso asserts that allowing access to the sentencing memoranda, which refer to Mr. Mancuso's cooperation with various criminal investigations, would risk endangering his safety. Yet he fails to provide evidence or facts suggesting that a threat actually exists. "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning," do not justify denying public access to sentencing memoranda. *See United States v. Hirsh*, 03-CR-58, 2007 WL 1910703 at *3 (E.D.P.A. June 22, 2007). That Mr. Mancuso's cooperation with enforcement has already been discussed at length in news publications undermines his position that permitting access would create a threat to his safety.

The Court will nonetheless allow the parties to jointly propose redactions for *in camera* review. To the extent the Government and Mr. Mancuso cannot agree on certain redactions, the parties should brief the Court as to each disputed redaction.

### III.    Conclusion

For the foregoing reasons, the Court **GRANTS** the motion subject to the parties' jointly proposed redactions. The parties have fourteen days to submit their proposed redactions.

/s/ William J. Martini  
**WILLIAM J. MARTINI, U.S.D.J.**
